## Case No. 4,731.

FENTON v. COLLERD.

COLLERD v. FENTON et al.

[8 Ben. 27;[1] 11 N. B. R. 535.]

District Court, S. D. New York. Feb., 1875.

BLATCHFORD, District Judge. As to the motion to dismiss the bill and proceedings in the first suit, or, if that motion be not granted, then that the plaintiff give security for the costs and disbursements of that suit, I should not deem it proper to grant either motion, on the facts shown, even if the suit were in proper shape for such a motion to be entertained. But, as it appears that there is a co-assignee appointed with Fenton, and as Fenton has absconded, it is not proper to entertain the motion, or to proceed further in the suit until proper proceedings are taken by the defendant, on notice to the co-assignee, to bring him in and compel him to elect whether he will or not be made a party plaintiff to the suit and become responsible for its conduct.

As to the motion in the cross suit, that the defendants Dickinson, Brown and Taylor have leave to answer, and that the appearance for the defendant Fenton be allowed to be withdrawn, I should be disposed to allow the three defendants named to answer, were the suit in proper shape. But, before the suit can proceed further, the plaintiff in it must take measures, on notice to the co-assignee of Fenton, to make him a party defendant to the suit. An order may be entered vacating the order taking the bill as confessed against the defendants Fenton, Taylor, Dickinson and Brown. As the defendant Fenton was per-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

sonally served with process, the appearance for him cannot be withdrawn.

In all other respects the motions in the two suits must be suspended, with leave to bring them on again, after the proceedings have been had in respect to the co-assignee.